Anthony CROWELL, Appellant,

v.

Edward WALSH, Administrator and Matthew McLean, Deputy Warden, Maximum Security Facility, District of Columbia Department of Corrections, Appellees.

No. 96–7192.

United States Court of Appeals, District of Columbia Circuit.

Argued May 11, 1998.

Decided July 24, 1998.

Jonathan M. Smith, Washington, DC, appointed by the court, argued the cause and filed the briefs for appellant.

Mary L. Wilson, Assistant Corporation Counsel, argued the cause for the District of Columbia appellees. With her on the briefs were John Ferren, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel. Jo Anne Robinson, Principal Deputy Corporation Counsel, Washington, DC, entered an appearance.

Before: WALD, WILLIAMS and TATEL, Circuit Judges.

STEPHEN F. WILLIAMS, Circuit Judge:

Anthony Crowell was convicted in Virginia state court and is currently serving time at the District of Columbia jail, having been transferred to D.C. under the Interstate Corrections Compact ("ICC"), D.C.Code § 24-1001, Va.Code. §§ 53.1-216, 217. The district court denied his petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. We hold that Crowell is not entitled to a certificate of probable cause and dismiss the appeal.

Crowell was sentenced by the Commonwealth of Virginia to more than 30 years in prison for robbery and murder. He began serving his sentence in Virginia but thanks to an "extensive enemy list" he was transferred to a prison in New Mexico under the ICC. After assaulting a prison guard and being generally uncooperative in New Mexico Crowell was transferred again under the ICC, this time to the Lorton Correctional Complex in Occoquan, Virginia, which is part of the District of Columbia penal system. See D.C.Code§ 24–442. On February 22, 1996, while housed at Lorton, Crowell filed his federal habeas petition, alleging that D.C. officials had denied him due process and equal protection by not awarding him good conduct credits to which he was entitled under Virginia law.

As a threshold matter we note that Crowell's claim of entitlement to good conduct credits must be brought in habeas because it would accelerate his release if successful. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Under our decision today in *Blair–Bey v. Quick*, 151 F.3d 1036 (D.C.Cir.1998), therefore, his claim is not one that required him to comply with the filing fee provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(b). In addition, the parties appear to agree that Crowell has exhausted his Virginia state habeas remedies.

There remains the question whether Crowell's appeal is governed by the certificate of appealability requirement of the Antiterrorism and Effective Death Penalty Act("AEDPA"). Before the passage of the AEDPA, 28 U.S.C. § 2253 required state prisoners seeking to appeal denials of habeas relief to get a "certificate of probable cause," which could be issued if the prisoner made "a substantial showing of the denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Under the AEDPA prisoners must get a "certificate of appealability," which requires them to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since Crowell's only claims are constitutional, for purposes of this case there is no difference between the standards for issuance of the two types of certificate.

Since the parties were ordered to brief the issue, however, it is appropriate to specify whether we must insist on the AEDPA certificate or its predecessor. The Supreme Court has held that the AEDPA's amendments to the non-capital habeas provisions of Title 28 "generally apply only to cases filed after the Act became effective." *Lindh v. Murphy*, — U.S. ——, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997). Noting the

word "generally" in this passage from *Lindh*, the Eighth Circuit concluded that the certificate of appealability requirement nonetheless applies to all *appeals* filed on or after April 24, 1996, even if the underlying petition was filed before that date. *Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir.1997). The Eighth Circuit appeared to reach this conclusion after determining that such application would have no meaningful "retroactive effect," as defined by *Landgraf v. USI Film Products, Inc.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), because it would not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280, 114 S.Ct. 1483. See *Tiedeman*, 122 F.3d at 521 ("[W]e can think of no reason why a new provision exclusively directed towards appeal procedures would depend for its effective date on the filing of a case in a trial court, instead of on the filing of a notice of appeal or similar document.").

But *Lindh* rejected the idea that a court should restrict itself to the *Landgraf* retroactive-effect inquiry whenever a statute lacks an "express command" as to "its ultimate temporal reach," *Lindh*, —— U.S. at ——, 117 S.Ct. at 2062, mandating instead the use of "normal rules of construction" to ascertain congressional intent. *Id.* at 2063. It was on that basis that it concluded that the AEDPA's non-capital habeas provisions were intended by Congress to "generally apply only to cases filed after the Act became effective." *Id.* at 2068. Our conclusion that those provisions include even the ones addressed to appeal procedures is strengthened by *Lindh*'s express disapproval of an Eleventh Circuit opinion invoking *Landgraf* to find the certificate of appealability requirement applicable to cases filed before the AEDPA's effective date but appealed afterward. See *id.* at 2062 (citing *Hunter v. United States*, 101 F.3d 1565, 1569 (11th Cir.1996) (*en banc*)). Accordingly, we join every circuit (apart

from the Eighth) to address the question after *Lindh* in holding that § 2253(c) does not apply to appeals of habeas petitions filed before the effective date of the Act. See, e.g., *Hardwick v. Singletary*, 122 F.3d 935, 936 (11th Cir.), *vacated in part on other grounds*, 126 F.3d 1312 (11th Cir.1997); *Berrios v. United States*, 126 F.3d 430, 432 n. 2 (2d Cir.1997) (collecting cases).[1]

■ Having determined that the certificate of probable cause is the right kind of certificate for Crowell's case, we decline to issue one. Crowell's claim of entitlement to good conduct credits is based entirely on Virginia law, and his habeas petition simply "attempts to transform his state law claim into a federal court action by dressing it in the verbiage of due process and equal protection." *Brandon v. District of Columbia Board of Parole*, 823 F.2d 644, 651 (D.C.Cir. 1987). The due process claim founders on the fact that Crowell concededly has no constitutionally protected liberty interest in any particular level of good conduct credits. His habeas petition seems to contend that Virginia inmates transferred under the ICC are entitled to the highest level of credits, a contention that appears to be grounded in a complete misreading of the relevant regulations. But the regulations do not contain the sort of mandatory language that could give rise to a liberty interest. See *Ellis v. District of Columbia*, 84 F.3d 1413, 1418 (D.C.Cir.1996). As the regulations were his sole basis for any claim of entitlement, there is no liberty or property the deprivation of which could have been without due process. Finally, assuming Crowell's petition can be read to state an equal protection claim, it is an entirely conclusory one and inadequate to merit a certificate of probable cause.

The case is therefore

*Dismissed.*

---

1. Earlier this month the Supreme Court held that it had certiorari jurisdiction over the Eighth Circuit's denial of a certificate of appealability in a § 2255 case filed by a federal prisoner before passage of the AEDPA but appealed thereafter. *Hohn v. United States*, —— U.S. ——, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998). Although the petitioner in that case argued that the certificate of appealability requirement should not apply to such cases, see Brief for Petitioner at 40–44, *Hohn v. United States*, 118 S.Ct. 1969 (1998), the Court's opinion did not address the question. We therefore treat *Lindh* as the Court's last word on the subject.